**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | |
|---|---|
| Filing Date: November 19, 2010 | Docket #: 10-45721-MSH |
| Debtor: James H. Wojdylak, Jr. | Co-Debtor: Melinda A. Wojdylak |
| SS#: xxx-xx-9183 | SS#: xxx-xx-3524 |
| Address: 5 Dalessandro Avenue | Address: 5 Dalessandro Avenue |
| Dudley, MA 01571 | Dudley, MA 01571 |

Debtor's Counsel:     Troy D. Morrison, Esq.
Address:                    Morrison Rousseau, LLP
                                   255 Park Avenue, Suite 702
                                   Worcester, MA 01609
Telephone #:            (508) 793-8282
Facsimile #:              (508) 793-8212

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITOR'S MEETING PURSUANT TO 11 U.S.C. §341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**OFFICIAL LOCAL FORM 3**
**PRE-CONFIRMATION CHAPTER 13 PLAN**

Docket No.: __10-45721-MSH__

DEBTORS: (H) __James H. Wojdylak, Jr.__    SS#: __xxx-xx-9183__

(W) __Melinda A. Wojdylak__    SS#: __xxx-xx-3524__

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $__1,238.00__ for the term of:

___ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

_x_ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

___ 60 Months.  11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____; or

___ Months. The Debtor states the reasons therefore: _____

_____

II. SECURED CLAIMS:

A.  Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| BAC Home Loans | pre-petition arrears | $4,600.00 |
| Citizens Auto Finance | pre-petition arrears | $1,750.00 |

| | | |
|---|---|---|
| GEMB/Yamaha | pre-petition arrears | $750.00 |

Total of secured claims to be paid through the Plan:     $7,100.00

B.  Claims to be paid directly by debtor to creditors(Not through Plan):

| Creditor | Description of Claim |
|---|---|
| BAC Home Loans | Mortgage |
| Citizens Auto Finance | Automobile Loan |
| GEMB/Yamaha | Motorcycle Loan |

Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| None | | |
| | | |

C.  Leases:

    i.    The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

    ii.    The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

    iii.    The arrears under the lease to be paid under the plan are _____.

III.    PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |

B.  Other

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| <u>None</u> | | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| Total of Priority Claims to Be Paid Through the Plan: | | $_____ |

IV. ADMINISTRATIVE CLAIMS:

A. Attorney's Fees (to be paid through the plan):   $<u>0.00</u>

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

C.   The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of <u> 43.50 </u>% of their claims.

A. General unsecured claims   $<u>87,631.00</u>

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| <u>BAC Home Loans</u> | <u>Second Mortgage</u> | $<u>49,713.00</u> |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

C.  Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

Total of Unsecured Claims (A+B+C):      $137,344.00

D.  Multiply total by percentage:      $ 59,744.64
    (Example: Total of $38,500.00 x .22 dividend= $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

Total amount of separately classified claims payable at ___%:   $

VI. OTHER PROVISIONS:

A.  Liquidation of assets to be used to fund plan: _____

B.  Miscellaneous Provisions: The Second Mortgage held by BAC Home Loans and any/all successors and assigns, is to be stripped as it is wholly unsecured by the Debtors' principal residence. The market value of the property at the time of filing was $175,000.00. The First Mortgage held by BAC Home Loans is in the amount of $207,735.00. The Debtors have listed the second mortgage as an unsecured claim to be paid a dividend over the course of this Chapter 13 Plan in accordance with the treatment of unsecured claims in Section V of the plan. Upon the debtors' successful completion of the plan and the entry of the Order of Discharge, the Second Mortgage held by BAC Home Loans and their successors and assigns (recorded at

the Worcester Registry of Deeds in Book 39602, Page 355) will be discharged.

The Debtors are surrendering the property located at 719 Shores Hill Road, VT. The creditors, Northeast Home Loan and Wells Fargo Bank , may file proofs of claim for any deficiency after the property is sold.

VII. CALCULATION OF THE PLAN PAYMENT:

a) Secured claims (Section I-A Total)                               $7,100.00

b) Priority claims (Section II-A & B Total)                         $0.00

c) Administrative claims (Section III-A&B Total)                    $0.00

d) Regular unsecured claims (Section IV-D Total)                    $59,744.64

e) Separately classified unsecured claims:                          $0.00

f) Total of a + b + c + d + e above:              =                 $66,844.64

g) Divide (f) by .90 for total including Trustee's fee:

       Cost of Plan                      =                 $74,271.82

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, __60__ months

i) Round up to nearest dollar for Monthly Plan Payment:             $1,238.00
(Enter this amount on page 1)

Pursuant to U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C § 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Liens (Schedule D) |
|---|---|---|
| 5 Dalessandro Ave. Dudley | $175,000.00 | $257,448.00 |
| 719 Shores Hill Rd., VT | $129,000.00 | $141,523.00 |

Total Net Equity for Real Property:　　　　　　　　　　$0.00

Less Total Exemptions (Schedule C):　　　　　　　　　$21,625.00

Available Chapter 7:　　　　　　　　　　　　　　　　　$0.00

B. Automobile (Describe year, make, model):

2000 Ford Focus　　　　Value $1,985.00　　Lien $0.00　　Exemption $1,985.00

2006 Nissan Pathfinder　　Value $17,130.00　　Lien $18,464.00　　Exemption $3,450.00

Total Net Equity:　　　　　　　　　　　　　　　　　　$1,985.00

Less Total Exemptions (Schedule C)　　　　　　　　　$5,435.00

Available Chapter 7:　　　　　　　　　　　　　　　　　$0.00

C. All other Assets: (All remaining items on schedule B) : ( Itemize as necessary)

_____

_____

Total Net Value:　　　　　　　　　　　　　　　　　　$21,005.62

Less Exemptions (Schedule C):　　　　　　　　　　　$15,115.62

Available Chapter 7:　　　　　　　　　　　　　　　　$5,890.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A +B) plus Other Assets (C) less exemptions:　　$5,890.00

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Troy D. Morrison                                        November 19, 2010
Debtor's Attorney                                           Date

Attorney's Address:  Morrison Rousseau, LLP

        255 Park Avenue, Suite 702

        Worcester, MA 01609

        Tel. # (508) 793-8282

        Email Address:  tmorrison@mrlawllp.net

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ James H. Wojdylak, Jr.                                  November 19, 2010
Debtor                                                      Date

/s/ Melinda A. Wojdylak                                     November 19, 2010
Debtor                                                      Date